16-4080-cv
Mira v. Kingston

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of October, two thousand seventeen.

Present:     RALPH K. WINTER,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                  *Circuit Judges.*
_____

LESLIE MOORE MIRA,

                  *Plaintiff-Appellant*,


             v.                                          16-4080-cv

JOHN KINGSTON, BETH HARDER, (EVANS), RICHARD RUBIN,
KEVIN SAVILLE, PLATTS MCGRAW HILL FINANCIAL INC.,

                  *Defendants-Appellees.*
_____

Appearing for Appellant:     Leslie Moore Mira, New York, N.Y.

Appearing for Appellee:      Gregory Ira Rasin, Proskauer Rose LLP (Michelle Ann Annese, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Leslie Moore Mira, proceeding pro se, appeals from the November 3, 2016 judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) dismissing her Title VII complaint, which claimed gender and national origin discrimination. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Contrary to defendants' arguments, we find Mira's notice of appeal sufficient to confer jurisdiction. Federal Rule of Appellate Procedure 3(c) requires a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. 3(c)(1)(b); *Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) (Rule 3(c)(1) is jurisdictional). An appeal from a final judgment brings up interlocutory orders for review. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 141 n.25 (2d Cir. 2011) (stating that interlocutory orders rendered in a case merge with the final judgment, rendering them amenable to appellate review). Mira's notice of appeal designated the November 3, 2016 judgment granting "defendants' motion to dismiss [the] Title VII claims." Supp. App'x at 59. That designation allows for review of all interlocutory orders in a case, *see Mickalis Pawn Shop, LLC*, 645 F.3d at 141 n.25, which were not immediately appealable, *see In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 372 (2d Cir. 1993) (consolidation orders are non-final); *SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 443 (2d Cir. 1987) (denial of leave to amend is a non-final order). Therefore, we have jurisdiction to review the denial of consolidation and the futility of leave to amend.

In the main, Mira argues that the district court erred by denying consolidation of this case with an action she brought against another former employer, Argus Media. We review the denial of a motion to consolidate for abuse of discretion. *See In re Repetitive Stress Injury Litig.*, 11 F.3d at 373. "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation." *Id.* (internal citations omitted). Mira failed to plausibly demonstrate a legal or factual connection between her cases against Platts and Argus. In the Argus case, Mira alleged that after officers of two companies met the "guardedness" toward her "accelerated." The district court had the discretion to conclude that was not enough to merit consolidation. *See In re Repetitive Stress Injury Litig.*, 11 F.3d at 373.

"A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielson v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). The district court should have addressed Mira's requests to amend her complaint, even though Mira submitted letters instead of motions. *See In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) (holding that pro se litigants should be allowed amendment more freely than counsel and that their rights should not be impaired by "harsh application of technical rules"(internal citation omitted)). However, her amended complaint would not have withstood a motion to dismiss. Leave to amend may be denied when amendment would be futile. *Nielson*, 746 F.3d at 62 (internal quotation marks omitted). "An amendment to a pleading is futile if the proposed claim

could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). We review the denial of leave to amend based on futility de novo. *Hutchison v. Deutsche Bank Secs. Inc.,* 647 F.3d 479, 490 (2d Cir. 2011).

Mira wished to present claims under 42 U.S.C. §§ 1981 and 1985(3). Section 1981 protects against racial discrimination in employment relationships, and most of the substantive Title VII standards apply to Section 1981 claims. *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). As relevant here, Section 1985(3) requires a conspiracy motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 462 U.S. 825, 829 (1983)).

Mira's only allegation of race-based animus was that a supervisor implied that she was involved with illegal drug activity in Mexico. This comment is insufficient to demonstrate a hostile work environment leading to Mira's constructive termination. *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 320-21 (2d Cir. 2015) (holding that a plaintiff must show that the discriminatory harassment was "severe or pervasive" (quoting *Harris v. Forklight Sys., Inc.*, 510 U.S. 17, 21 (1993)). Her surveillance allegations lack any link to racial animus. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that a district court "may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional" (internal quotation marks omitted)). Similarly, as noted above, Mira's only allegation to support a conspiracy under § 1985 between Platts and Argus was one meeting between the two companies' officers, and a meeting participant's later comment that she would close her blinds while in New York because of possible surveillance. This comment does not plausibly support a conspiracy against Mira, let alone one driven by discriminatory animus. *See Gallop*, 642 F.3d at 369 (explaining that "claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss" (internal quotation marks omitted)).

Mira's brief did not present any argument that could be construed as challenging the time-bar dismissal of her Title VII claims. Her effort to revive those claims in her reply brief is unavailing. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) ("[W]e ordinarily will not consider issues raised for the first time in a reply brief."). Accordingly, she has waived these claims on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We have considered the remainder of Mira's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk